**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

LUCKY STEVENS,

    Plaintiff,

    v.                                                Case No.: 3:08-cv-288-RV/EMT

MICHAEL J. ASTRUE,
*Commissioner of the
Social Security Administration*,

    Defendant.
_____/

## ORDER

    This cause comes on for consideration of the plaintiff's complaint seeking review of the decision of the Commissioner of the United States Social Security Administration denying his claim for disability insurance and supplemental security income benefits. The matter was considered by a United States Magistrate Judge assigned to the case. The Magistrate Judge issued a Report and Recommendation ("Report"), dated August 13, 2009, which is incorporated herein (doc. 22). The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections under Title 28, United States Code, Section 636(b)(1). The plaintiff has filed a timely objection (doc. 24), which I have reviewed *de novo*.

**I. Background**

    The procedural background, applicable standard of review, and the plaintiff's relevant medical history are fully set forth in the comprehensive Report and need not be repeated in great detail. In short, the Magistrate Judge recommended that the Commissioner's decision denying benefits be affirmed and that this action be dismissed. The plaintiff objects to the Report on two grounds. Specifically, he contends that (1) the Administrative Law Judge ("ALJ") erred in failing to pose a complete hypothetical question to the vocational expert ("VE") during the administrative hearing, and (2) the ALJ erred in failing to find that the plaintiff suffers from the severe impairment of

Page 2 of  6

degenerative joint disease of the knees.  With respect to the latter objection, I agree with the Magistrate Judge that there is substantial support in the record for the ALJ's determination that the plaintiff's knee condition did not entail significant and continuous work-related limitations during the relevant time frame.  The first objection, however, is well-founded under the law of the Eleventh Circuit.

      As the Magistrate Judge noted, the Commissioner analyzes a disability claim in five sequential steps: "(1) is the individual performing gainful activity; (2) does he have a serious impairment; (3) does he have a serious impairment that meets or equals an impairment specifically listed in 20 C.F.R. part 404, subpart P, appendix 1; (4) can he perform his past relevant work; and (5) based on his age, education, and work experience can he perform work of the sort found in the national economy." *Bouie v. Astrue,* 226 Fed. Appx. 892, 894 (11th Cir. 2007) (citation, brackets and quotation marks omitted).  The claimant must establish that a "severe impairment" keeps him from performing his past work.  *See* 20 C.F.R. § 404.1512.  If the claimant establishes such an impairment, the burden then shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.  *See MacGregor v. Bowen*, 786 F.2d 1050, 1052 (11th Cir. 1986).  "If the claimant can make the adjustment to other work, the ALJ will determine that the claimant is not disabled.  If the claimant cannot make the adjustment to other work, the ALJ will determine that the claimant is disabled." *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).  To determine whether the claimant can adjust to other work, the ALJ can utilize a VE, and the ALJ will pose hypothetical questions to the VE to determine whether someone with the same specific limitations as the claimant could secure employment in the national economy.  *Id.* at 1240.  "Although there is no *per se* rule that a vocational expert be called to testify, the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not 'mere intuition or conjecture by the administrative law judge.'"  *Cowart v. Schweiker,* 662 F.2d 731, 736 (11th Cir. 1981) (citations omitted).  Because the claimant's impairments must be evaluated in

*Case No.: 3:08-cv-288-RV/EMT*

combination at all stages of the analysis, *see Lucas v. Sullivan,* 918 F.2d 1567, 1574 (11th Cir. 1990), the hypothetical question must include "all of the claimant's impairments." *Wilson v. Barnhart,* 284 F.3d 1219, 1227 (11th Cir. 2002); *accord Jones v. Apfel,* 190 F.3d 1224, 1229 (11th Cir. 1999). Stated differently, the hypothetical question must comprehensively describe the claimant's condition, and VE testimony that does not accurately consider and address that condition is not substantial record evidence. *See generally Pendley v. Heckler,* 767 F.2d 1561 (11th Cir. 1985).

## II. Discussion

In this case, the ALJ found that the plaintiff was not performing substantial gainful activity (and that he was unable to return to any of his past relevant work), and that he suffered from, *inter alia*, sensorineural hearing loss in both ears.[1] The ALJ further determined that the hearing loss was a severe impairment and that, in conjunction with the plaintiff's other impairments and additional limitations, it was "*necessary* to obtain vocational expert witness testimony." (Emphasis added). Notably, however, when the ALJ posed his hypothetical questions to the VE, the ALJ did not mention anything about plaintiff's hearing loss. To the contrary, the ALJ (apparently reading from a report and physical capacities assessment prepared by Dr. C.W. Koulisis) stated at one point during the hypothetical that the plaintiff's hearing was "unaffected." Since the ALJ had unquestionably determined that the hearing loss was a severe impairment, this was error.

It is settled in this circuit that "the ALJ must instruct the VE to consider all 'severe' impairments when eliciting testimony." *Bouie, supra,* 226 Fed. Appx. at 894; *accord Baxter v. Barnhart,* 165 Fed. Appx. 802, 804 n.2 (11th Cir. 2006) (noting that ALJ may omit non-severe impairment from hypothetical given to VE, but severe impairments must be included). For example, in *Pendley, supra,* the Eleventh Circuit held that where the VE was provided a hypothetical that did not include the claimant's anxiety or

---

[1] Bilateral sensorineural hearing loss -- sometimes called nerve deafness or sensorineural deafness -- is the result of problems in the inner ears, in the nerve from the inner ears to the brain, or in the brain.

depression (both of which the ALJ found to be severe impairments), and where the VE testimony "was crucial to the ALJ's decision," the denial of disability benefits was not supported by substantial evidence. In reversing and remanding the case, the Court of Appeals stated:

> "[U]nless there was vocational expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills and experience physical limitations, the decision of the ALJ, based on the expert testimony, would be unsupported by substantial evidence."
>
> ***
>
> In this case, we cannot assume that the vocational expert would have answered in a similar manner had the ALJ instructed him to consider all of the appellant's severe impairments. Thus, we must conclude that the Secretary failed to meet its burden of showing that the appellant could perform other gainful employment in the economy. We hold that the Secretary's decision was not supported by substantial evidence.

767 F.2d at 1562-63 (citation omitted). Because the VE's testimony in this case, as in *Pendley*, did not encompass all of the plaintiff's severe impairments and was crucial to the ALJ's ultimate decision, the same result is compelled.[2]

That is not to say that the plaintiff's bilateral sensorineural hearing loss is by itself disabling; indeed, the plaintiff readily concedes it is not. The question is to what extent that "severe impairment" is limiting when it is viewed in conjunction with the plaintiff's other impairments. *See Davis v. Shalala,* 985 F.2d 528, 534 (11th Cir. 1993) (claimant "should be evaluated as a whole person, and not evaluated in the abstract as having several hypothetical and isolated illnesses;" therefore, "ALJ must make specific and well-articulated findings as to the effect of the combination of impairments when determining whether an individual is disabled"); *Brenem v. Harris,* 621 F.2d 688, 689-90

---

[2] I note once again that the ALJ said the VE testimony was "necessary," and in his brief the Commissioner agrees that "the ALJ relied on" the VE's testimony.

*Case No.: 3:08-cv-288-RV/EMT*

(5th Cir. 1980) (binding under *Bonner v. City of Pritchard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*)) (ALJ determined that claimant had both physical and psychological impairments, but the VE hypothetical questions only referenced the physical limitations; in reversing and remanding, court stated "it is certain that mental and psychological defects can combine with physical impairments to create total disability to perform gainful employment").  Nor am I suggesting that because the ALJ found the impairment to be severe, then that automatically means the hearing loss imposes significant work-related limitations.  As the Magistrate Judge properly noted, step two of the disability analysis (where an impairment is first determined to be severe or not severe) is a threshold inquiry and only "the most trivial impairments" can be rejected.  *See McDaniel v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986).  Nevertheless, because the ALJ found that the hearing loss was severe, that finding by itself indicates that the impairment could be expected to interfere, *at least to some small extent*, with the ability to engage in work-related activities.  Otherwise, as plaintiff contends, it would not have been found to be severe.  *See Davis-Grimplin v. Astrue,* 2008 WL 4949115, at *4 (M.D. Fla. 2008) (remanding case to Commissioner to resolve, *inter alia*, "the seemingly inconsistent conclusions that the plaintiff has a severe impairment of bilateral carpal tunnel syndrome, but does not have any functional limitations from that impairment").[3]

---

[3] The fact that the VE testified that he had read the plaintiff's file (which mentioned the hearing loss) does not alter the outcome.  *See Brenem v. Harris,* 621 F.2d 688, 689-90 (5th Cir. 1980) (binding under *Bonner v. City of Pritchard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*)) (it is "[not] proper to assume" that just because the VE was aware of the claimant's psychological impairments (because the VE in that case had read the file) then that means the VE "took them into consideration in answering hypothetical questions which referred only to physical impairments").

*Case No.: 3:08-cv-288-RV/EMT*

## III. Conclusion

Accordingly, the Commissioner is ordered to REMAND this case to the ALJ for further proceedings consistent herewith, and the Clerk is directed to close the file.

DONE and ORDERED this 25th day of September, 2009.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge