IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUCKY STEVENS,
 Plaintiff,

vs.             Case No.: 3:08cv288/RV/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
 Defendant.
_____/

## REPORT AND RECOMMENDATION

  This matter is before the court upon Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. 29) and Defendant's response thereto (Doc. 30). Plaintiff's attorney (hereafter "Petitioner") seeks an award of fees in the amount of $5,355.75, which represents 31.8 hours of work performed on Plaintiff's behalf at an hourly rate of $168.42 (Doc. 29 at 1). Defendant has responded to Plaintiff's motion and notes that the parties have jointly agreed to a lesser award of EAJA fees, that is, an award in the amount of $4,799.97, which represents 28.5 hours of work at the same hourly rate claimed by Petitioner (*see* Doc. 30 at 1).

  The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

  In <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* Doc. 26). The application for fees was timely filed, and the Commissioner's position was not substantially justified.

Additionally, Defendant does not disagree that fees should be paid in this case (*see* Doc. 30). Accordingly, EAJA fees should be awarded.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Here, Petitioner seeks compensation at the rate of $168.42 per hour, in representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court. Defendant has represented to the court that he does not contest an award of attorney fees based upon this hourly rate. This court concludes that amounts greater that $125.00 per hour are reasonable, as has been found in numerous recent cases, *see, e.g.*, Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Singleton v. Barnhart, Case No. 1:05cv82/MMP/EMT (N.D. Fla. 2006) (finding compensation at rates of $155.59 and $161.33 per hour reasonable for work performed in 2005 and 2006) and that the time expended by Petitioner (that is, 28.5 hours, as agreed to by the parties) is reasonable. Thus, attorney fees totaling $4,799.97 should be awarded.

The remaining question concerns to whom the award shall be payable. In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 724, 172 L. Ed. 2d 730 (2008), the court clarified that an EAJA award, such as the award in the instant case, shall be awarded to the "prevailing party," not to the prevailing party's attorney.[1] Although Reeves did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, the undersigned follows the common practice of other courts in this district and circuit by recommending payment to counsel when an assignment of benefits has been included with counsel's petition. *See, e.g.*, Turner v. Astrue, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); Baker v. Astrue, 2009 WL 2423530, at *1 (M.D. FL August 2, 2009) (same). In the instant case, Petitioner attached to the motion for EAJA fees a limited power of attorney, in which Plaintiff has assigned his interest in any

---

[1] The undersigned notes that this issue is currently pending before the Supreme Court. *See* Ratliff v. Astrue, 540 F.3d 800 (8th Cir. 2008) (concluding that EAJA fees are properly awarded to the party's attorney and noting conflict among Circuits), *reh'g denied* (Dec. 5, 2008), *petition for cert. granted,* 130 S. Ct. 48, 174 L. Ed. 2d 631 (Sept. 30, 2009).

EAJA award to Petitioner (*see* Doc. 29, Attach). Moreover, based on Plaintiff's assignment, Defendant does not object to an award payable to Petitioner (*see* Doc. 30 at 1–2).[2]

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's Motion For Attorney Fees and Costs (Doc. 29) be **GRANTED** as follows:

> Plaintiff's counsel, Byron A. Lassiter, Esquire, is entitled to recover fees in the amount of $4,799.97 for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees and hourly rates requested under the EAJA are reasonable; and the Commissioner is directed to pay counsel that amount.

At Pensacola, Florida, this 13th day of January 2010.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] Defendant notes, however, that Plaintiff's assignment will not prevent the United States Department of Treasury from applying the EAJA payment to offset a debt owed by Plaintiff in accordance with 31 C.F.R. § 285.5(e)(6)(ii) (Doc. 30 at 2).

Case No.: 3:08cv288/RV/EMT